THE NEW JERSEY ZINC COMPANY, A CORPORATION OF
NEW JERSEY, APPELLANT, v. BOARD OF REVIEW,
DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT
OF LABOR AND INDUSTRY, STATE OF NEW JERSEY,
AND SAMUEL VAN GORDER, *ET ALS.*, RESPONDENTS.

Argued September 23, 1957—Decided October 24, 1957.

*Mr. Lewis P. Dolan* argued the cause for the appellants (*Messrs. Dolan & Dolan,* attorneys; *Mr. Lewis P. Dolan, Jr.,* on the brief).

*Mr. Clarence F. McGovern* argued the cause for the Board of Review, Division of Employment Security, Department of Labor and Industry (*Mr. Edward A. Kaplan,* on the brief).

The opinion of the court was delivered by

JACOBS, J.  These are consolidated appeals from determinations that the claimants were not disqualified under *N. J. S. A.* 43:21–5(*d*) from receiving unemployment compensation benefits.  The New Jersey Zinc Company and the Board of Review entered into a stipulation of facts which stated that although claims were made by 69 persons only eight cases were being presented "as involving the principal questions raised in all cases."

In August 1955 a strike was called by the union at the mine and mill operated by the New Jersey Zinc Company at Ogdensburg.  A stoppage ensued and as a result the claimants were out of work.  They were members of the striking union or were in a grade or class of workers which contained some members thereof.  While the strike was in effect the Zinc Company continued to pay the

premium on its group life insurance policy for all of the strikers, including the claimants. The claimants did not exercise any of the conversion rights which the policy afforded to persons who left the employ of the Zinc Company. They never formally resigned and never gave notice to the Zinc Company that they intended to surrender any rights of seniority, accumulated benefits, etc. During the strike the claimants obtained various jobs which the Zinc Company asserts were interim or temporary in nature and were not permanent jobs taken with intent to sever the employment relation between the claimants and the Zinc Company. The record before us sustains the company's position insofar as the claimants Alvarado, Burd, Serben, Schumacher and Van Gorder are concerned. It includes their testimony which expressly acknowledges that when they took their various jobs they intended to return to the Zinc Company upon the termination of the strike. When the strike was over they did in fact return to the Company. Their claims (and any others similarly circumstanced) should be rejected under the principles set forth in *Westinghouse Electric Company v. Board of Review*, 25 *N. J.* 221 (1957).

In the Dembek and Toth matters the Board made findings that the claimants accepted their new jobs as permanent in nature and without any intention of returning to the Zinc Company at the end of the strike. If the Board's findings are supported by the evidence, then the Dembek and Toth claims are allowable under *Bergen Point Iron Works v. Board of Review*, 137 *N. J. L.* 685 (*E. & A.* 1948). However, we are not at all satisfied as to the evidential basis for the Board's findings. Its brief does not discuss the evidence but rests upon the contention that all the claims were allowable even though the new jobs were interim or temporary in nature and were taken with the intention of returning to the Zinc Company as soon as the strike ended— a contention which has been overruled in the *Westinghouse* case. Under the circumstances we believe that the claims by Dembek and Toth (and any others similarly circumstanced) should be remanded to the agency for the taking

of further testimony, if necessary, and for disposition under the principles of the *Westinghouse* and *Bergen Point Iron Works* cases.

██ The only item now requiring further consideration is the claim of James Morris. While Mr. Morris was out of work because of the labor dispute at the Zinc Company he obtained a job which was terminated in February 1956. He filed his claim on February 27, 1956 and on March 1, 1956 a Notice of Determination that Morris was not disqualified because his unemployment was due to causes other than a labor dispute stoppage of work was mailed to the Zinc Company. On March 2, 1956 the Zinc Company sent a notice of appeal to the Appeal Tribunal. On March 9, 1956 the Board of Review withdrew the matter from the Appeal Tribunal to itself. On March 30, 1956 the Board dismissed the appeal on the ground that since the Zinc Company was not "the first chargeable base-year employer" within *N. J. S. A.* 43:21–6(*b*)(2), the Board had no jurisdiction to entertain an appeal grounded on *N. J. S. A.* 43:21–5(*d*).

*N. J. S. A.* 43:21–6(*b*)(2) provides that where an appeal from the initial determination by the deputy is taken by an employer other than the first chargeable base-year employer, the appeal shall be limited in scope to include only one or more of the following matters: "(A) the correctness of the benefit payments authorized to be made under the determination; (B) fraud in connection with the claim pursuant to which the initial determination is issued; or (C) the refusal of suitable work offered by the chargeable employer filing the appeal." We accept the Board's position that since the claimant Morris performed services for remuneration in the base year, first for New Jersey Zinc Company and later for another employer, the other employer is to be charged with benefits before any charge is made against the Zinc Company and that the Zinc Company is not the first chargeable base-year employer. And we incline to accept its view that the legislative reference in *N. J. S. A.* 43:21–6(*b*)(2) to the "correctness" of the

benefit payments was intended to relate to the amount payable and not to the eligibility or disqualification of the claimant. But we reject its apparent conclusion that the Zinc Company could properly be deprived of the opportunity to establish, factually and legally, that Morris was a disqualified claimant under *N. J. S. A.* 43:21–5(*d*). The Zinc Company was an employer contributor to the compensation fund and its account would be chargeable if the benefits to Morris exceeded a designated amount charged against the subsequent employer; it was clearly an interested party entitled to be heard. See *Tube Reducing Corporation v. State,* 1 *N. J.* 177, 180 (1948); *Babb v. Bullitt,* 310 *Ky.* 211, 220 *S. W. 2d* 394 (1949).

The authorities generally recognize that due process requirements are satisfied if, at any time before the administrative order becomes effective, fair hearing is afforded by administrative or judicial action. See *Inland Empire District Council v. Millis,* 325 *U. S.* 697, 710, 65 *S. Ct.* 855, 89 *L. Ed.* 1877, 1885 (1945); *Bowles v. Willingham,* 321 *U. S.* 503, 519, 64 *S. Ct.* 641, 88 *L. Ed.* 892, 906 (1944); *Opp Cotton Mills v. Administrator,* 312 *U. S.* 126, 152, 61 *S. Ct.* 524, 85 *L. Ed.* 624, 640 (1941); *Davis, Administrative Law* 267 (1951). *Cf. Horsman Dolls, Inc. v. Unemployment, etc., of N. J.,* 7 *N. J.* 541, 550 (1951), appeal dismissed 342 *U. S.* 890, 72 *S. Ct.* 201, 96 *L. Ed.* 667 (1951); *Metropolitan Motors v. State,* 39 *N. J. Super.* 208, 212 (*App. Div.* 1956). But in the instant matter the Zinc Company has never been heard on the issue of whether the subsequent employment of Morris was of such permanent nature as to remove his disqualification under *N. J. S. A.* 43:21–5(*d*). It had no real opportunity for hearing when the initial determination was made. *Cf. Hyman v. Muller,* 1 *N. J.* 124, 129 (1948); *Laba v. Newark Board of Education,* 23 *N. J.* 364, 380 (1957). It duly appealed from the initial determination to the Appeal Tribunal and asserted in its notice of appeal that the claimant's unemployment was due to the work stoppage resulting from the labor dispute at its premises. Although the Board suggests the

contrary, we consider that the notice of appeal was sufficient to embrace the issue as to whether the claimant's disqualification was removed by his subsequent employment. The Board of Review withdrew the appeal to itself but did not actually conduct any hearing on the disqualification issue; the claimant did not appear before the Board and the dismissal of the company's appeal was not on the merits but for a supposed lack of jurisdiction under *N. J. S. A.* 43:21–6(*b*)(2).

The Zinc Company's appeal from the Board's dismissal was properly taken to the Appellate Division under *R. R.* 4:88–8. Nothing in the terms of *N. J. S. A.* 43:21–6(*b*)(2) suggests any legislative purpose to impose a limitation on the company's right of judicial review; indeed, any such limitation would presumably be stricken as violative of the court's constitutional jurisdiction in proceedings in lieu of prerogative writs. See *N. J. Const., art.* VI, § V, *par.* 4; *Fischer v. Twp. of Bedminster,* 5 *N. J.* 534 (1950). However, we are not now in any position to dispose judicially of the Morris claim for the crucial facts have not yet been found. And decent regard for the legislative policies and the interests of the parties directs that the underlying factual findings and the determination thereon be made first within the agency. See *Adams Theatre Co. v. Keenan,* 12 *N. J.* 267, 278 (1953); *Family Finance Corp. v. Gough,* 10 *N. J. Super.* 13, 25 (*App. Div.* 1950). *Cf. Fifth St. Pier Corp. v. City of Hoboken,* 22 *N. J.* 326, 336 (1956); *Nordco, Inc. v. State,* 43 *N. J. Super.* 277, 286 (*App. Div.* 1957). We shall not deal further with *N. J. S. A.* 43:21–6(*b*)(2) or the constitutional issues which have been raised by the Zinc Company for we are entirely satisfied that the agency must, as a matter of elemental fairness, afford the Zinc Company opportunity to introduce testimony and be heard on the issue which it has persistently sought to raise. Thereafter, and upon the basis of the hearing, the agency may properly render its decision embodying express factual findings and conclusions which, as we have so often pointed out, are of the utmost importance not only in insuring a responsi-

ble and just administrative determination but also in affording a suitable basis for judicial review. See *Pennsylvania Railroad Co. v. Dept. of Public Utilities,* 14 *N. J.* 411, 427 (1954). *Cf. Bailey v. Council of the Div. of Planning, etc.,* 22 *N. J.* 366, 374 (1956).

Reversed and remanded for further proceedings in conformity with this opinion.

*For reversal and remandment*—Chief Justice WEINTRAUB, and Justices HEHER, OLIPHANT, BURLING, JACOBS and FRANCIS—6.

*For affirmance*—None.