101 So.2d 22 (1958)
George L. BRULEY, Appellant,
v.
FLORIDA INDUSTRIAL COMMISSION, Appellee.
No. 57-324.
District Court of Appeal of Florida. Third District.
February 27, 1958.
*23 Herbert H. Hutner, Miami, for appellant.
Burnis T. Coleman, Tallahassee, for appellee.
CARROLL, CHAS., Chief Judge.
Denial of a compensation claim under the Unemployment Compensation Law, Chapter 443, Fla. Stat., F.S.A., was followed by a petition for review in the Circuit Court of Dade County, under section 443.07(4) (e). The circuit court affirmed, and the matter is before us on appeal from that order.
The facts upon which the matter was determined are simple. Appellant was employed as a bartender, at the Roney Plaza Hotel in Miami Beach, for approximately a year and a half before a strike which began in April of 1955. He quit his job and participated in the strike, and was paid strike benefits for a number of weeks.
In December of that year he became employed on a regular basis as bartender in another hotel called the Blue Waters Hotel. He continued to work at the Blue Waters Hotel until he was discharged nine months later. It was following his discharge from that last employment that he made application for the unemployment compensation which was denied him.
The controlling question, which was before the circuit court and is before this court, is whether the appellant's status of unemployment after he was discharged from the Blue Waters Hotel was due to the labor dispute still in progress at the Roney Plaza Hotel, or simply because he had been discharged from his job at the Blue Waters Hotel.
The administrative decision adverse to the appellant, which he sought to reverse in the circuit court and here, was based on construction of Section 443.06(4), Fla. Stat., F.S.A., which reads as follows:
"An individual shall be disqualified for benefits:
* * * * * *
"(4) For any week with respect to which the commission finds that his *24 total or partial unemployment is due to a labor dispute in active progress which exists at the factory, establishment or other premises at which he is or was last employed; provided, that this subsection shall not apply if it is shown to the satisfaction of the commission that:
"(a) He is not participating in or financing, or directly interested in the labor dispute which is in active progress; provided, however, that the payment of regular union dues shall not be construed as financing a labor dispute within the meaning of this section; and * * *."
The circuit court's affirmance was without opinion, but the commission's order was based on the findings and opinion of an appeals referee which contained the following:

"Reasons For Decision: The Florida Unemployment Compensation Law provides that an individual shall be disqualified for benefits if it is found that his unemployment is due to a labor dispute in active progress which exists at the factory, establishment or other premises at which he is or was last employed; provided that this subsection shall not apply if it is shown to the satisfaction of the Commission that (a) he is not participating in or financing or directly interested in a labor dispute which is in active progress; and (b) he does not belong to a grade or class of workers of which immediately before the commencement of the labor dispute there were members employed at the premises at which the labor dispute occurs, any of whom are participating in, or financing, or directly interested in the dispute.
"The record and evidence of the instant case clearly show that claimant left a permanent year-around job due to a labor dispute that commenced at the premises of his employer on April 15, 1955. As the appellant had worked for such employer for a continuous period of approximately twenty months immediately prior to the date the labor dispute began, it is not unreasonable to conclude that he could have retained his job indefinitely if the labor dispute had not occurred. His unemployment as of April 15, 1955, and for the periods subsequent to that date is, therefore, due to the aforementioned labor dispute. In view of such fact the only remaining issue to be resolved is whether the appellant meets the exceptions provided by law which have been set forth in the preceding paragraph. * * *."
The foregoing shows that the appeals referee proceeded on the theory that since the appellant had worked for approximately twenty months at the Roney Plaza Hotel before the strike, it could be assumed that he would have continued to work there indefinitely if there had been no strike. The referee then reasoned that any periods of unemployment which the appellant would have thereafter, during the life of the strike which was in progress at the Roney Plaza Hotel, would be due to the labor dispute to which that strike related, even though other extended employment might intervene.
Without undertaking to determine the matter for any situation other than that presented here, it is our opinion that the commission improperly construed the provisions of section 443.06(4) as applied to the period of unemployment of the appellant which was in question.
The section of the statute referred to provides that an individual is disqualified for benefits for any week as to which it is found that his unemployment is due to a labor dispute in active progress which exists at the place "at which he is or was last employed." Not only is it contrary to the wording of the statute, but it is unrealistic to say that the appellant's unemployment status for the weeks following his discharge after nine months' employment *25 at the Blue Waters Hotel constituted unemployment due to a labor dispute at a place where he was "last employed."
Counsel for the commission argues that appellant's employment by the Blue Waters Hotel for nine months while the labor dispute was in progress at the Roney Plaza Hotel should be considered "stop-gap" work. Reliance was placed on the case of Mark Hopkins, Inc., v. California Employment Commission, 24 Cal.2d 744, 151 P.2d 229, 154 A.L.R. 1081. That case announces and supports the proposition that when a striker engages in temporary or casual work, his relationship as an employee of the struck concern is not terminated. Comment is made there on the point that a short employment is regarded as interim employment, with an inference that it was not entered into in good faith, and was not entitled to be regarded as permanent to the extent required to terminate the disqualification for unemployment insurance benefits.
Whether such subsequent employment is to be regarded as "stop-gap" in the sense in which that term is used by the commission, is one which can vary from case to case, depending on the facts of each case. The length or brevity of the subsequent employment may have a bearing. Basically it is a matter of intent and good faith.
If the new employment is undertaken in good faith, and with intent on the part of the employee to continue therein on a permanent basis or for an indefinite period, he will have insulated himself against the "cause" of unemployment which he suffered initially as a result of the labor dispute at the place of prior employment.
The appellant in this case worked for nine months in new employment. The record will not support a finding that his employment there was not in good faith, or that it was not regarded by him as being permanent or for an indefinite period. A subsequent willingness or intention to work for the Roney Plaza Hotel, if and when feasible, was given emphasis by the appellee, but we do not regard it as a controlling factor.
As stated above, this opinion deals with a subsequent employment for a period of nine months at a place at which there was no labor dispute, and which we hold is entitled to be regarded as his last place of employment.
Accordingly, the order and judgment of the circuit court which is appealed from is reversed, and the cause remanded for the entry of an order by that court not inconsistent with this opinion.
Reversed.
HORTON, J., and DREW, E. HARRIS, Associate Justice, concur.