**TEXAS EMPLOYMENT COMMISSION et al., Appellants,**

v.

**L. E. HODSON, Sr., Appellee.**

No. 3830.

Court of Civil Appeals of Texas.

Waco.

May 11, 1961.

Rehearing Denied June 1, 1961.

Will Wilson, Atty. Gen., Sam Lane, Asst. Atty. Gen., for appellant.

Brown, Bates, Brock & Morgan, Houston, for appellee.

WILSON, Justice.

Appeal from judgment setting aside decision of Texas Employment Commission. The commission determined appellee-claimant was disqualified to receive benefits under subsection (d), Art. 5221b–3, Vernon's Ann.Civ.Stats. (Acts 1955, 54th Leg., p. 1310, ch. 517, Sec. 3: Sec. 5(d), (1), (2), p. 1312), for the reason that his unemployment was "due to claimant's stoppage of work because of a labor dispute". It further determined that he "belongs to a grade or class of workers, some members of which were participating in or financing or directly interested in the dispute," and who were employed at the place of the dispute when it occurred; and that because the dispute involved substantial adjustment of his wages, he was interested in the dispute. It decided that claimant's subsequent employment by other employers following work stoppage did not sever the employer-employee relationship which was suspended when claimant went on strike; that such subsequent employment was "spasmodic"; and that his unconditional offer to return to work for the employer (notwithstanding there was no work available) during the dispute did not remove his disqualification. It is established that but for the disqualification provision, claimant is eligible for benefits. The trial court, after hearing testimony, concluded that there was no evidence to support the decision and findings, and that they had no reasonable support in substantial evidence.

It is undisputed that, initially, appellee's unemployment was "due to the claimant's stoppage of work because of a labor dispute at the factory" at which he was last employed. This, preliminarily, disqualified him for benefits under Art. 5221b–3(d). The latter provision and disqualification does not apply in the present situation if (1) claimant is "not participating in or financing or directly interested in the labor dispute" (id., subsection 1); and (2) if he "does not belong to a grade or class of workers of which, immediately before the commencement of the labor dispute" there were members employed at the premises where the dispute occurred who "are participating in, or financing or directly interested in the dispute" (id., subsection 2). The record makes it undisputed that appellee did not come within the exceptions made by these provisos when his unemployment status began. He was thus disqualified for benefits at least for the benefit period following inception of the strike.

Appellee contends that his subsequent employment by other employers following the initial dispute and work stoppage terminated the employer-employee relationship then existing.

Appellee was a member of a sheet metal workers' union which began a strike April 2, 1959 ensuing from contract negotiations relating to wages, hours and working conditions, and a dispute over provisions to be contained in a collective bargaining agreement. The strike continued until April 2, 1960. Appellee thereafter worked for four other employers (without material interruption, and until each job on which he was employed was completed) during the period from April 8th to September 1, 1959. He contends, contrary to the Commission's determination, that the original employer-employee relationship was thereby severed, and he thereafter became eligible for benefits.[1]

1. Decisions relating to this problem are collated 28 A.L.R.2d 287, 300; A.L.R.2d Supp. Vol. 2, 1960, p. 2276, Sec. 12.5; and critical analysis is made in Westinghouse Elec. Corp. v. Board of Review, 25 N.J. 221, 135 A.2d 489; New Jersey

This case does not turn, however, on the effects of subsequent employment. As we have indicated, plaintiff's unemployment had its inception in a cause which disqualified him for benefits under Art. 5221b–3(d): "the claimant's stoppage of work because of a labor dispute." This disqualification, however, is prescribed to be only for the duration of any "benefit period", during which the disqualification exists. Art. 5221b–17. Such units are separate, and are not necessarily or inexorably co-existent or co-terminous with a labor dispute. The record establishes without dispute that on September 25, 1959 appellee voluntarily crossed the picket line of his union, made an unconditional offer to go to work and signed a written application for work with the employer here involved; that there was no employment available for him because the employer had replaced him and filled his job; that the employer had already re-employed other workers who had gone out on strike at the same time; and that "the company continued production using those men that replaced those men that left their jobs."

When appellee crossed his own picket line during the strike and was refused employment because there was no work available due to his job having been filled by another, his unemployment was no longer "because of a labor dispute at the factory"; it was because there was no job for him. Resort to the escape clauses, subsection (d) (1) and (2) is not required, since the basic disqualification did not then exist. A new cause of involuntary unemployment had then displaced the original disqualifying

Zinc Co. v. Board of Review, 25 N.J. 235, 135 A.2d 496; Mark Hopkins, Inc. v. Cal. Employment Comm., 24 Cal.2d 744, 151 P.2d 229, 154 A.L.R. 1081, and Bruley v. Florida Ind. Comm., Fla. App., 101 So.2d 22, 23, 25. See also, e. g., 6 C.C.H.Unemployment Ins.Serv. 8111.06; 3 id., 1980.06. In some similar statutes in other jurisdictions the disqualification provision relates to "stoppage of work"; whereas the Texas equivalent, Art. 5221b–3(d) concerns "claimant's stoppage of work". The

cause. Robert S. Abbott Pub. Co. v. Annunzio, 414 Ill. 559, 112 N.E.2d 101, 107; Knight-Morley Corp. v. Michigan Employment Comm., 352 Mich. 331, 89 N.W.2d 541; and see Little Rock Furn. Mfg. Co. v. Commissioner, 227 Ark. 288, 298 S.W.2d 56, 59; Sakrison v. Pierce, 66 Ariz. 162, 185 P.2d 528, 173 A.L.R. 480; Homer Laughlin China Co. v. Hix, 128 W.Va. 613, 37 S.E.2d 649, 656; Annotation 28 A.L.R.2d 287, 300; 49 Yale L.J. 461; 55 Yale L.J. 167; 8 Vanderbilt L.Rev. 338; 17 U.Chi. L.Rev. 294.

The judgment of the trial court is affirmed.

test uniformly applied under identical or materially similar statutes is whether the "causal connection between the dispute and unemployment is broken", which, in turn, depends on claimant's intent. In the instant case there is nothing in the record, except circumstances, relating to intent to terminate the original employment. Application of the substantial evidence rule is considered in Nelson v. Texas Employment Comm., Tex.Civ. App., 290 S.W.2d 708, 710, writ refused.