PEARSON, TILLMAN, Chief Judge.
Herman Brechner, a claimant for unemployment compensation, brings to this Court his petition for writ of certiorari, seeking review of an order of the Board of Review of the Florida Industrial Commission. The order denied petitioner’s application for unemployment compensation.
The sole issue to be resolved is whethe' petitioner’s last employment, which con sisted of two periods totaling 13 days, was temporary, “stopgap” employment or permanent, new employment sufficient to insulate the petitioner against the cause of unemployment which he suffered initially as. a result of a labor dispute.
This Court had before it a similar question in Bruley v. Florida Industrial Commission, Fla.App.1958, 101 So.2d 22. In that case the claimant’s employment with the second employer during the labor dispute was for a period of nine months. The court there recognized the rule that whether subsequent employment is to be regarded as-“stopgap” depends on the facts of each case, and further that while the length of the subsequent employment has a bearing' on the conclusion reached, the question is. actually one of intent and good faith. In that case we reversed the order denying compensation upon a holding that the record would not support a finding that the-second employment was not in good faith- or that it was not regarded by petitioner as-being permanent and for an indefinite period.
In the instant case the following salient facts appear. Petitioner was employed1 as a garment worker at one firm for a period of 9 years. During this period of' almost continuous employment, there were periods of slack work during which the petitioner accepted, for a few days at a time, temporary employment with other employers. In December of 1961 a labor dispute arose between the permanent employer and certain employees, including petitioner.. As a result of this labor dispute, petitioner-left his employment. Subsequently, petitioner accepted employment with one of the-employers who had previously furnished temporary employment for short periods. This second employment was for two periods, one of 8 days and another of S days;; *569 thereafter, he was discharged because of the second employer’s lack of work.
We hold that the record contains competent, substantial evidence to support the finding of the Board that the second employment was not regarded by the petitioner as permanent and for an indefinite period. Florida Industrial Commission v. Ciarlante, Fla.1955, 84 So.2d 1; Meyer v. Florida Industrial Commission, Fla.App.1959, 117 So.2d 216.
Petition denied.