HORTON, Judge.
The petitioner filed an initial claim for unemployment compensation benefits effective September 1, 1963. The claim was denied by the claims examiner and affirmed by the appeals referee upon a finding that petitioner’s unemployment was due to a labor dispute. On January 2, 1964, an additional claim was filed for benefits effective December 29, 1963, and requesting that the prior determination of disqualification be removed. The claims examiner, on January 13, 1964, denied the additional claim for compensation benefits. An appeal was timely filed from this decision. The appeals referee affirmed the claims examiner’s denial of additional claim benefit and this decision was in turn appealed to the board of review which likewise denied the application and made the referee’s decision final. This petition for certiorari followed.
On or about September 4, 1963, petitioner was employed by Elnita Fashions when the International Ladies’ Garment Workers Union, Local 415, of which petitioner was a member, went on strike against Elnita. The petitioner refused to cross the picket lines and in October, 1963, obtained two weeks’ employment with Harmony Fashions. This employment was financially unsatisfactory to petitioner and on October 28, 1963, he went to work for Phyllis Dee, Incorporated, where he remained until December 29, 1963. He was laid off by Phyllis Dee because of lack of work but returned to this employment on January 29, 1964.
At the hearing before the appeals referee on February 6, 1964, the petitioner testified that his employment with Phyllis Dee was understood to be permanent if his work was satisfactory. A representative of Phyllis Dee testified that petitioner would work so long as they had work to offer an operator such as petitioner. At another point this representative also testified “as long as we get goods and have patterns to cut, he’ll be working.” Officers of Elnita Fashions testified that petitioner appeared in the picket lines at Elnita Fashions either on January 6th or January 13th, 1964.
The petitioner requests unemployment compensation for the period of time he was laid off by Phyllis Dee, to-wit: from approximately December 30, 1963, to January 29, 1964. The disqualification due to a labor dispute at Elnita was continued in effect by the denial by the appeals referee of the petitioner’s additional claim for benefits.
The petitioner contends that since he undertook new employment in good faith and with an intent to continue the new employment, his previous disqualification for benefits occasioned by his termination of employment due to a labor dispute should not disqualify him from benefits occasioned by his unemployment in the new place of employment. The key to the question which we are to answer here is contained in § 443.-06(4), Fla.Stat., F.S.A., which provides:
“For any week with respect to which the commission finds that his total or partial unemployment is due to a labor dispute in active progress which exists at the factory, establishment or other premises at which he is or was last employed; * * [Emphasis supplied]
Obviously no labor dispute existed at Phyllis Dee at the time when the petitioner was laid off for lack of work. It is likewise true that his employment with Elnita was terminated by reason of a labor dispute between a union of which he was a member and that employer. Petitioner’s claims for benefits occasioned by the labor dispute have been denied and he makes no issue that such denial was not justified. He contends that he should be allowed compensation benefits under the new employment since he, as well as his new employer, considers such employment permanent and that it was taken in good faith.
The commission contends that the petitioner’s new employment with Phyllis Dee was “stop gap” employment and that there was competent substantial evidence in the *622 record to support the appeals referee s and the board of review’s findings that petitioner’s unemployment was due to a labor dispute in active progress at the premises where he was last employed.
If the petitioner is to be denied benefits here, it would be solely upon the basis that he did not intend in good faith to continue on a permanent basis in his second employment with Phyllis Dee. The petitioner in his request for reconsideration stated that he did not intend to return to Elnita. We are unable to find a basis in this record to hold that petitioner’s unemployment at Phyllis Dee was occasioned by a labor dispute. It is true that there is some testimony to the effect that petitioner engaged in picketing at the Elnita plant during January, 1964, but since he was a member of the striking union, such activity would not of itself disqualify him from the benefits which he now claims. The basis for petitioner’s disqualification is the unsupported, uncorroborated conclusion that the employment with Phyllis Dee was not permanent in that it was not intended in good faith to be permanent, and secondly, the fact, based upon conflicting evidence, that petitioner picketed at Elnita during January, 1964.
The petitioner has been denied any benefits and he has accepted that decision which flowed out of his participation in, and his unemployment occasioned by, a labor dispute with the former employer, Elnita Fashions. He says now, and his second employer likewise supports him, that his employment is permanent. We are at a loss to understand upon what basis a contrary finding that the employment was not permanent could be made. See Caranci v. Miami Glass Engineering Company, Fla.App.1957, 99 So. 2d 252, 253. We feel that this case' is governed by the decision of this court in Bruley v. Florida Industrial Commission, Fla.App.1958, 101 So.2d 22. This conclusion is further buttressed by the decision of the Court of Errors and Appeals of New Jersey in Bergen Point Iron Works v. Board of Review, 137 N.J.L. 685, 61 A.2d 267. The facts in the New Jersey case are closely analogous to the factual issues in the case at bar. The pertinent provisions of the New Jersey unemployment compensation law[1] are almost verbatim with § 443.06(4), supra.
Concluding as we have that the decision reached by the appeals referee is not supported by competent substantial evidence, it follows that the petition for certiorari is hereby granted and the questioned order appealed is quashed. It is so ordered.

. “R.S. 43:21-5 (d), N.J.S.A., that a claimant shall be disqualified for benefits: ‘ * * * For any week with respect to which it is found that his unemployment is due to a stoppage of work which exists because of a labor dispute at the factory, establishment, or other premises at which he is or was last employed.’ ”