**R.C.W., INC., Appellant,**

v.

**TEXAS EMPLOYMENT COMMISSION, Appellee.**

**No. 5640.**

Court of Civil Appeals of Texas, Eastland.

July 2, 1981.

Rehearing Denied July 23, 1981.

David W. Hilgers, Hilgers, Watkins & Kazen, Austin, for appellant.

Diane Van Helden, Asst. Atty. Gen., Austin, for appellee.

DICKENSON, Justice.

The issue is whether union employees are entitled to recover unemployment benefits when they are laid off by their employer because the employer's customers wanted the union employees off the customers' premises before an anticipated strike.

The employer, R.C.W., Inc., protested the payment of unemployment compensation benefits to its former employees because this caused an increased unemployment tax rate for the employer. The Texas Employment Commission awarded benefits to the former employees and charged the employer's account. R.C.W., Inc. appealed this decision to the District Court of Travis County, and that Court held that the Commission's decision was supported by substantial evidence and should be affirmed. R.C.W., Inc. appeals. We affirm.

The controlling facts were stipulated. R.C.W., Inc. is a construction contractor in the Golden Triangle Area, near Orange, Texas. R.C.W., Inc. and other contractors in the area worked under construction contracts for the owners of chemical and refining plants which employ union labor. The labor contracts between R.C.W., Inc. (and all other construction contractors) and the trade unions (including the unions to which claimants belong) were due to expire on March 31, 1975. The customers, contractors and unions were aware as early as December of 1974 that a strike would probably occur. Beginning in December of 1974 the customers reduced the number of contracts available for bids, and in March of 1975 the customers instructed the contractors to wind down the jobs which were still in progress. On the day before the strike began, the customers instructed the contractors to close the jobs down, even though the work was not complete. The strike began on April 1, 1975. The unemployment (for which benefits were awarded) was related to the construction trade's labor dispute in the Golden Triangle Area.

As stated by the Commission, the issues to be determined are: (1) whether the claimants' unemployment was involuntary and, if so, (2) the cause of the involuntary unemployment. The Commission concluded that: "Although the imminent strike may have influenced the decision of the users (customers) and the construction contractor employers, the claimants were unemployed because of those decisions and not because they (claimants) stopped work voluntarily."

R.C.W., Inc. has briefed three points of error, contending that the trial court erred: (1) in affirming the decision of the Texas Employment Commission denying the protest of R.C.W., Inc. against chargebacks against its account; (2) in finding that there was substantial evidence to support the conclusion of the Texas Employment Commission that the claimants were entitled to unemployment benefits without disqualification pursuant to Article 5221b–2;[1] and (3) in finding that there was substantial evidence to support the conclusion of the Texas Employment Commission that the claimants were not subject to disqualification from unemployment benefits pursuant to Article 5221b–3(d).[2] All points of error have been considered, and they are overruled.

Article 5221b–3(d), supra, provides in part:

> An individual shall be disqualified for benefits: ... (d) For any benefit period with respect to which the Commission finds that his total or partial unemployment is (i) due to the *claimant's stoppage of work* because of a labor dispute.... (emphasis added)

■ We hold that there is substantial evidence to support the Commission's finding that the unemployment was *not* due to the claimants' stoppage of work. The work was stopped by the employer at the request of the employer's customers. While it is true that there was a labor dispute, that by itself is no longer enough to disqualify the employees from unemployment benefits when they did not walk off the job. The statute was amended after *Nelson v. Texas Employment Commission,* 290 S.W.2d 708 (Tex.Civ.App.—Galveston 1956, writ ref'd.), to make it clear that benefits would not be denied because of a "labor dispute" unless the unemployment "is due to the claimant's stoppage of work."

*Brown v. Texas Employment Commission,* 540 S.W.2d 758 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.), held that unemployment benefits were payable when the employees were willing to continue working, even though there was a labor dispute over the negotiation of a new contract, but were prevented by the employer's stoppage of work. In this case the stoppage was caused by the employer's customers, rather than by the employer, but we think we should apply the rule stated in *Brown,* supra at 761:

> (W)e hold that the claimants' involuntary unemployment is not due to the claimants' stoppage of work, and therefore that claimants are not disqualified to receive the unemployment compensation benefits.

■ We must reject appellant's construction of the statute[3] because the plain language of the statute now provides that benefits are denied under the "labor dispute" provisions, Article 5221b–3(d), supra, *if the unemployment is due to claimants' stoppage of work.* Here, the stoppage of work was due to the employer's compliance with its customers' requests and not by any work stoppage by the employees. The unemployment compensation law is not strictly construed; we must give effect to its purpose of providing unemployment benefits. See *Texas Employment Commission v. E-Systems, Inc.,* 540 S.W.2d 761 (Tex.Civ.

---

1. Tex.Rev.Civ.Stat.Ann. art. 5221b–2 (Vernon Pamphlet Supp.1971 to 1980).

2. Tex.Rev.Civ.Stat.Ann. art. 5221b–3 (Vernon Pamphlet Supp.1971 to 1980).

3. Appellant argues that the statutory language in dispute, "claimant's stoppage of work," must include circumstances in which the claimant causes the closing of the job (by engaging in a labor dispute over contract negotiations) as well as those where he actually goes on strike and stops working.

App.—Waco 1976, writ ref'd n.r.e.); *Meggs v. Texas Unemployment Compensation Commission,* 234 S.W.2d 453 (Tex.Civ.App. —Fort Worth 1950, writ ref'd).

The out of state authorities cited by appellant are not persuasive, because the statutes which they interpret do not contain the language which was added to the Texas statute after the decision in *Nelson v. Texas Employment Commission,* supra.

The judgment of the trial court is affirmed.