Leonce J. NORRIS, Appellant,

v.

**TEXAS EMPLOYMENT COMMISSION and Texaco, Inc., Appellees.**

No. B14–84–487–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 10, 1985.

Rehearing Denied Feb. 7, 1985.

See also, Tex.App., 634 S.W.2d 85.

M. Diane Dwight, Provost, Umphrey, McPherson & Swearingen, Port Arthur, for appellant.

James Hambright and Robert J. Hambright, Orgain, Bell & Tucker, Beaumont, James D. Garrison, Houston, Susan F. Eley, Asst. Atty. Gen., Austin, for appellees.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

PER CURIAM.

Appellant contests the decisions of the Texas Employment Commission (TEC) and the trial court that he was not qualified to receive unemployment benefits. We affirm.

Appellant was employed at Texaco's main plant in Port Arthur. Texaco and the Oil, Chemical and Atomic Workers (OCAW) operated under a bargaining agreement which expired at midnight on January 7, 1982. The OCAW sought approximately sixteen modifications of the agreement. Two months of prior negotiations had proved fruitless. Late in the day on January 7, the OCAW offered a forty-eight hour extension of the agreement. Texaco refused, indicating that the parties were so far apart on the issues that it would not help. Consequently, the OCAW went on strike at midnight, and pickets were set up at that time.

When appellant drove to work the next morning, he saw the pickets and returned home. During the seven month strike, he made no attempt to return to work or any inquiry about doing so. While appellant was aware that other Texaco employees had crossed the picket lines and worked, he refused.

On January 11, appellant applied for unemployment compensation benefits. After a full hearing, the TEC ruled that appellant stopped work because of a labor dispute, and was, therefore, disqualified from receiving unemployment benefits. *See* TEX. REV.CIV.STAT.ANN. art. 5221b–3(d) (Vernon Supp.1983). Appellant contested the TEC ruling in district court. The trial court granted appellant's request for a temporary injunction and ordered the TEC to pay benefits. Both the TEC and Texaco appealed. The Beaumont Court of Appeals vacated the temporary injunction, 636 S.W.2d 248, and appellant proceeded to trial on the merits in district court. At the trial, the court held that there was substantial evidence to support the TEC's decision. Norris now appeals.

In his first point of error, appellant contends that the trial court erred in its application of the substantial evidence rule and failed to properly recognize the case as one of statutory construction. The standard for a court review of a decision of the TEC is based upon substantial evidence. *Texas Employment Commission*

v. Holberg, 440 S.W.2d 38, 42 (Tex.1969); Mollinedo v. Texas Employment Commission, 662 S.W.2d 732 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). The trial should determine only whether the agency's rule is free from a taint of illegality and is reasonably supported by substantial evidence. Firemen's and Policemen's Civil Service Commission v. Brinkmeyer, 662 S.W.2d 953, 956 (Tex.1984), quoting Fire Department of the City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664, 666 (1949). The reviewing court is concerned only with the reasonableness of the administrative order, not its correctness. Brinkmeyer, 662 S.W.2d at 956. The party appealing from the administrative order has the burden of demonstrating that the order is not supported by substantial evidence. Id. at 956. In a case where the facts are stipulated and undisputed and only questions of law exist, the standard of review is still substantial evidence. Nelson v. Texas Employment Commission, 290 S.W.2d 708, 710 (Tex.Civ.App.—Galveston 1956, writ ref'd). The trial court correctly applied the substantial evidence rule. Appellant's first point of error is overruled.

 Appellant then argues that even this standard was not met. The function of the appellate court is not to decide whether the TEC's order was right, but rather whether the evidence was such that a reasonable mind could not have reached the same conclusion. Texas Employment Commission v. Riddick, 485 S.W.2d 849, 852 (Tex.Civ.App.—Texarkana 1972, no writ).

Here the following provision must be interpreted:

An individual shall be disqualified for benefits:

(d) For any benefit period with respect to which the Commission finds that his total or partial unemployment is (i) due to a claimant's stoppage of work because of a labor dispute....

TEX.REV.CIV.STAT.ANN. art. 5221b-3(d) (Vernon Supp.1983). Appellant argues that the cause of the stoppage of work was

Texaco's refusal of the extension offer and that Texaco's refusal to extend the contract amounted to a employer's work stoppage.

 Striking employees have not been disqualified from receiving unemployment in three particular situations. A "lockout" occurs when an employer prevents employees from working until a new contract is agreed upon. Brown v. Texas Employment Commission, 540 S.W.2d 758 (Tex. Civ.App.—Waco 1976, writ ref'd n.r.e.). In Brown, because the employees and the union were ready and willing to work, with or without a contract, the employer was the cause of the unemployment and the claimants received benefits. Brown, 540 S.W.2d at 760. Where a company laid off employees prior to a strike, benefits have been allowed. R.C.W., Inc. v. Texas Employment Commission, 619 S.W.2d 35 (Tex. Civ.App.—Eastland 1981, no writ); Texas Employment Commission v. E-Systems, Inc., 540 S.W.2d 761 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.). A labor dispute is not alone sufficient to disqualify the employees from receiving their unemployment benefits. The employee's willingness to work and the employer's reaction thereto is relevant. See R.C.W., 619 S.W.2d at 37. Also, no claimant's stoppage of work exists when the employee attempts to cross a picket line and resume work only to find that he has been permanently replaced. Kraft v. Texas Employment Commission, 418 S.W.2d 482 (Tex.1967); Texas Employment Commission v. Hodson, 346 S.W.2d 665 (Tex.Civ.App.—Waco 1961, writ ref'd n.r.e.). In such cases, the cause of unemployment was not the claimant's decision not to work, and he was eligible to receive unemployment compensation.

In Texas Employment Commission v. Riddick, Riddick and others went out on strike. Riddick walked the picket line and refused to cross it to find out if jobs were available. Riddick knew that several people had crossed the picket line and obtained jobs, and, in fact, did not know of anyone who did not if he tried. His manager testified that Riddick would have gotten his old job had he applied for it. Thus, the court

held that reasonable minds could have decided that this was a stoppage of work by the claimant. *Texas Employment Commission v. Riddick*, 485 S.W.2d 849 (Tex. Civ.App.—Texarkana 1972, no writ).

■ These cases emphasize two key factors: the cause of the stoppage of work and the actions of each party after the strike begins. Here, although Texaco refused to extend the contract, testimony indicates that they were willing to allow the employees to continue working. The employees were not prevented from returning to work. All employees who crossed the picket lines were given work. Appellant made no effort to return to work. The agency's decision is reasonably supported by substantial evidence. Appellant's third, fourth, fifth, and eighth points of error are overruled.

■ Appellant contends that reasonable minds could not have concluded that work was available to him under the same terms and conditions, and that he, therefore, had "good cause" not to return to work. The court's finding that work was available under similar conditions is reasonably supported by substantial evidence.

■ Appellant argues that since work was not available under the same conditions, any job would amount to "new work" under TEX.REV.CIV.STAT.ANN. art. 5221b–3 (Vernon Supp.1983). The "new work" classification applies only when the employer—employee relationship has been severed. *Texas Employment Commission v. E–Systems, Inc.*, 540 S.W.2d 761, 763 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.). Appellant remained an employee of Texaco throughout the dispute, and, therefore, any work at Texaco could not be considered "new." Appellant's seventh point of error is overruled.

■ In his sixth point of error, appellant argues that the trial court erred in holding that he was required to make an unconditional offer to return to work. The benefit disqualification for a claimant's stoppage of work will not apply if the claimant himself did not participate in any

way in the labor dispute or was not a member of a group participating in that dispute. TEX.REV.CIV.STAT.ANN. art. 5221b–3(d) (Vernon Supp.1983). "Participation" is defined as a failure to cross a picket line or a refusal to accept his customary work. If the claimant himself does not participate, but his union does, the claimant can escape the disqualification if he shows, among other things, that *he has made an unconditional offer to return to work.* Since appellant's union directly participated in this strike, a finding that he had made such an offer was necessary for him to avoid disqualification. Appellant's sixth point of error is overruled.

In point of error two, appellant contends that both the trial court's and the TEC's decisions are unreasonable, arbitrary and violative of the terms of the statute, its legislative purpose, and public policy. Prior to 1955, a claimant was disqualified for benefits for *any* unemployment due to a labor dispute. In 1955, the statute was amended to disqualify a *claimant* only upon his stoppage of work. Appellant suggests that this amendment establishes the "ameliorative intent" of the legislature. He argues that the addition of the word "claimant" indicated that fault and responsibility for the stoppage of work were to be the determinative factors. Thus, he argues, since Texaco refused to extend the contract, the disqualification should not apply.

■ Although disqualification from benefits is not to apply when the employer *prevents* its employees from working during a labor dispute, the emphasis in the cases establishing this principle, and in the statute itself, is placed upon who actually stopped the work. Unemployment benefits are to subsidize a claimant when he is unemployed through no fault of his own. *See Reliable Life Insurance Company v. Washington*, 570 S.W.2d 24 (Tex.Civ.App.—El Paso 1978), *rev'd on other grounds*, 581 S.W.2d 153 (Tex.1979). Here appellant made no attempt to return to his job. Resort to legislative intent is unnecessary as

Texas law has decided this matter. Appellant's second point of error is overruled.

There was sufficient evidence to support the trial court's determination that this was a claimant's stoppage of work. The judgment is affirmed.

ELLIS, J., dissents.