Hart, J.
 

 The question here presented is whether an employee may voluntarily quit work continuously available to him by his employer in Ohio, move to a distant state where he accepts employment and iater becomes unemployed, refuse work for which he is reasonably fitted and offered him in good faith by his former Ohio employer, on the ground that the offer of such employment is an offer of new work not suitable because of its distance from employee’s present residence, and at the same time qualify himself to collect unemployment benefits as to such former Ohio employer.
 

 The answer to this problem requires an interpretation of Section 1345-6 d (9) and e (3), General Code (121 Ohio Laws,' 717), effective September 5, 1945, which, in part, was as follows:
 

 -“d. Notwithstanding the provisions of subsection
 
 *414
 
 (a) of this section, no individual may serve a waiting-period or be paid benefits for the duration of any period of unemployment with respect to which the administrator finds that such individual: * * *
 

 “(9) Voluntarily quit his work without just cause. Disqualification under this subsection shall continue-for the full period of unemployment next ensuing after he has left his work voluntarily without just cause- and until such individual has become re-employed and. has earnings equal to at least four times his weekly benefit amount.
 

 “e. No individual otherwise qualified to receive-benefits shall lose the right to benefits by. reason of a refusal to accept new work if: * * *
 

 “ (3) The work is at an unreasonable distance from his residence, • having regard to the character of the-work he has been accustomed to do, and travel to the-place of work involves expenses substantially greater .than that required for his former work, unless the expense be provided for * * *.”
 

 The court must construe the terms, “new work,”' and, “residence,” as used in Section 1345-6 e (3). In the opinion of this court the term, “new work,” applies to work other than that offered by' the base employer and not to employment of the base employer whose employment the employee has left. In other-words, the employee does not lose his rights to benefits if the new employment offered, after he has severed his employment with the base employer, is at an unreasonable distance from his residence. If the base-employer is ready and willing to -continue the employment, the employee, by voluntarily moving away from the employment without just cause, necessarily waives-his right to benefits to unemployment compensation as to his former employer in ease the employee later becomes unemployed.
 

 Likewise, the term, “residence,” used in the statute,,
 
 *415
 
 clearly has reference to the residence of the claimant at the time he quit his employment. This inference is strengthened by the language of Section 1345-6 e (4) which provides that the employee shall not be obliged to accept “new work” if “the remuneration, hours, or other conditions of the work offered are substantially less favorable than those preváiling for similar work
 
 in the locality.”
 
 (Italics supplied.)
 

 The locality must be the one where the employer is located and where the former employment existed.
 

 It has been held that where the previous work of an employee is available and suitable and he voluntarily and without just cause puts distance between him and it, he cannot complain that such distance has rendered that job unsuitable.
 
 Ex parte Ala. Textile Products Corp.,
 
 242 Ala., 609, 7 So. (2d), 303. See
 
 Woodmen of the World Life Ins. Soc.
 
 v.
 
 Olsen, Commr.,
 
 141 Neb., 776, 4 N. W. (2d), 923.
 

 This court and other courts look with disfavor on the allowance of unemployment compensation where work is available but is refused upon some caprice of the employee. Where a person regularly employed removes himself to a point or causes a situation where work is unavailable, while his former type of employment is continuously available, he, in the opinion of this court, waives his right to unemployment compensation benefits as to an employer offering such employment.
 
 Kut
 
 v.
 
 Albers Super Markets, Inc.,
 
 146 Ohio St., 522, 66 N. E. (2d), 643;
 
 Farloo
 
 v.
 
 Champion Spark Plug Co.,
 
 145 Ohio St., 263, 61 N. E. (2d), 313;
 
 Nowak
 
 v.
 
 Board of Review, Bureau of Unemployment Compensation,
 
 150 Ohio St., 535, 83 N. E. (2d), 208;
 
 Hunter v. Miller, Commr.,
 
 148 Neb., 402, 27 N. W. (2d), 638;
 
 Wiley
 
 v.
 
 Carroll, Dir.,
 
 — Mo., —, 201 S. W. (2d), 320;
 
 Jacobs
 
 v.
 
 Office of Unemployment Compensation and Placement,
 
 27 Wash. (2d), 641, 179 P. (2d), 707.
 

 
 *416
 
 The judgment of the Court of Appeals is reversed and that of the Common Pleas Court affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Stewart, Turner and Taet, JJ., concur.
 

 Zimmerman, J., dissents.