FORT SMITH CHAIR Co. *v.* LANEY, COMMISSIONER.

5-3324                                        383 S. W. 2d 666

Opinion delivered November 16, 1964.

*Gayle Windsor, Jr., Bethell & Pearce,* for appellant.

No brief filed for appellee.

ED. F. McFADDIN, Associate Justice. This is an unemployment compensation case;[1] and the employer is resisting the claims of three employees, Ballard, Wilson, and Rhodes, who worked at the Fort Smith Chair Company. On account of lack of business the three were temporarily laid off from work some time prior to May 1961. Such was their status on May 31, 1961, when a labor dispute arose between the employer and the workers, who were members of United Furniture Workers of America. A strike[2] went into effect on that date, with picket lines established.

On June 13, 1961 Fort Smith Chair Company notified Ballard, Wilson, and Rhodes to return to work, but they refused to return to work because they were members of the striking Union[3] and would not cross the picket line. Thereupon, the Fort Smith Chair Company objected to Ballard, Wilson, and Rhodes receiving any further unemployment benefits after June 13, 1961. The local unemployment office in Fort Smith held that Ballard, Wilson, and Rhodes could not receive unemployment compensation after June 13th; the Appeals Referee reversed the holding and held that they were entitled to unemployment compensation; the Board of Review and also the Circuit Court affirmed the Appeals Referee; and the case is here on appeal. Thus the problem is: an employee is temporarily laid off because of lack of work, and during such period a strike occurs, and during such strike the employee is recalled to his former

---

[1] Some of our more recent cases concerning unemployment compensation are: *Reddick* v. *Scott*, 217 Ark. 38, 228 S. W. 2d 1008; *Little Rock Furn. Co.* v. *Commissioner*, 227 Ark. 288, 298 S. W. 2d 56; *Thornbrough* v. *Schlenker*, 228 Ark. 1012, 311 S. W. 2d 753; *Monsanto* v. *Commissioner*, 229 Ark. 362, 314 S. W. 2d 493; and *Thronbrough* v. *Stewart*, 232 Ark. 53, 334 S. W. 2d 699.

[2] The strike was held to have been unlawfully called. See *Fort Smith Chair Co.* v. *Local 270*, 143 NLRB 28, also reported in 1963 Commercial Clearing House NLRB decisions, § 12, 475. This was affirmed by the Circuit Court of Appeals of the District of Columbia on April 16, 1964 in *United Furn. Workers* v. *NLRB*, reported in CCH 49 Labor Cases, § 18, 897; and *certiorari* was denied by the U. S. Supreme Court on October 12, 1964 in Case No. 276 styled *United Furn. Workers* v. *NLRB*.

[3] Of course, all the striking employees were refused unemployment compensation because of Ark. Stat. Ann. § 81-1105 (Repl. 1960), which so provides.

work and refuses to cross the picket line to return to work. Under such facts, is the worker entitled to unemployment compensation benefits after he refuses to cross the picket line to return to his former work?

Our applicable statute is Ark. Stat. Ann. § 81-1105 (f) (Repl. 1960), the germane portion of which reads: ". . . no individual may . . . be paid benefits for the duration of any period of unemployment if he lost his employment or has left his employment by reason of a labor dispute . . . at the factory, establishment, or other premises at which he was employed (regardless of whether or not such labor dispute causes any reduction or cessation of operations at such factory . . .) as long as such labor dispute continues; . . . provided, however, that this sub-section shall not apply if it is shown that he is not participating in or directly interested in the labor dispute; . . ."[4]

Under the above statute an employee may not be paid benefits for the duration of unemployment if he lost his employment or left his employment by reason of a labor dispute. It would be an unreasonable refinement to say that these three employees were on temporary layoff prior to the strike and did not "lose employment" or "leave employment" because of the strike. They were on temporary layoff, and when called back to employment they refused to return; so they thereby lost employment. Refusal to cross the picket line made the claimants participants in the strike. 81 C.J.S. p. 279, "Social Security" § 186. Some of the cases from other jurisdictions bearing on the question here posed are: *Employees of Lion Coal Corp.* v. *Industrial Comm.* (Utah), 111 P. 2d 797; *Muncie Division* v. *Review Board* (Ind.), 51 N. E. 2d 891; *Tucker* v. *American Smelting Co.* (Md.), 55 A. 2d 692; *Jones & Laughlin* v. *Unemploy-*

---

[4] The above statute is the Act No. 99 of 1959. Prior to 1959 the labor dispute section was Ark. Stat. Ann. § 81-1106(d), but in 12 Ark. Law Review, p. 416, in commenting on our holding in *Monsanto* v. *Thronbrough*, 229 Ark. 362, 314 S. W. 2d 493, it is stated: ". . . it seems tacitly apparent that the shift of the labor dispute section of the Employment Security Act from disqualification, Ark. Stat. Ann. § 81-1106(d) (1947), to eligibility, Ark. Stat. Ann. § 81-1105 (f) (1957), does not change its effect."

*ment Board* (Pa.), 195 A. 2d 922; *Abbott* v. *Appeal Board* (Mich.), 34 N. W. 2d 542; *Clapp* v. *Appeal Board* (Mich.), 38 N. W. 2d 325; *In Re Persons Unemployed* (Wash.), 110 P. 2d 877; and *In Re Sadowski,* 13 N. Y. S. 2d 553.

In *Muncie* v. *Review Board, supra,* this statement appears:

"If unemployment is originally caused by lack of work but thereafter work becomes available at the factory, establishment or other premises where he was last employed, and the employee refuses to work because of a labor dispute at such place in which he is participating, he is thereafter disqualified for benefits under the Act."

In *Jones & Laughlin* v. *Unemployment Board, supra,* there is the quotation of the general rule from C. J. S.:

"The general rule in cases of this nature, established by cases from other jurisdictions, would seem to be that '* * * if unemployment is originally caused by a lack of work and a labor dispute develops during the unavailability of work, the dispute does not disqualify the employee until work becomes available and he refuses the work because of the dispute.' " 81 C. J. S. Social Security and Public Welfare, § 187.[5]

From a study of our statute and the adjudicated cases, we reach the conclusion that the three employees— Ballard, Wilson, and Rhodes—refused to return to their prior employment because of the strike and therefore made themselves a part of the strike and cannot draw unemployment compensation benefits from the time they refused to return to employment. Therefore, the judgment of the Circuit Court is reversed and the cause remanded to the Board of Review to enforce the result of this decision.

JOHNSON, J. dissents.

---

[5] In 28 A.L.R. 287 there is an annotation entitled: "Construction and application of provisions of unemployment compensation or social security acts regarding disqualification for benefits because of labor disputes or strikes." And in Paragraph 9 of that annotation there is a discussion of various cases involving strikes during a layoff period. See also 48 Am. Jur. 540, "Social Security" § 36. See also 12 Ark. Law Rev. 123.