**TEXAS EMPLOYMENT COMMISSION, Appellant,**

v.

**E–SYSTEMS, INC., Appellee.**

No. 5563.

Court of Civil Appeals of Texas, Waco.

Aug. 19, 1976.

Rehearing Denied Sept. 9, 1976.

John L. Hill, David M. Kendall, J. H. Broadhurst and Michael E. Stork, Austin, for appellant.

Smith, Smith, Dunlap & Canterbury, Robert W. Smith and Bowen L. Florsheim, Dallas, for appellee.

Bader, Wilson, Menaker, Cox & Branson, Dallas, for amicus curiae.

## OPINION

JAMES, Justice.

This is a case involving entitlement to unemployment compensation benefits. The Appellant Texas Employment Commission's order held that the claimants were entitled to the benefits, from which Appellee E–Systems, Inc. appealed to the District Court for judicial review. The trial court after hearing entered judgment reversing the Commission's order and thereby denied claimants the benefits in question, from which judgment the Commission appeals. We reverse the trial court's judgment and hold that the claimants are entitled to the benefits in question.

On February 4, 1972, Local 967, United Automobile Workers (hereinafter referred to as "the union") began an economic strike at the Greenville, Texas, plant of Appellee E–Systems, Inc., (hereinafter called "the company") such strike lasting until August 4, 1972.

The five claimants whose entitlement to benefits were adjudicated (denied) by the trial court's judgment were R. O. Gilleland, Frances J. Newhouse, E. M. Collins, P. H. Brummett, and C. H. Henson, Jr. Each of the claimants had been employed by the company at times prior to February 4, 1972 (the beginning date of the strike); however, each claimant had been laid off at a time prior to the beginning date of the strike because of the economic circumstances of the company. Each of the claimants was on layoff status at the time the strike was called by the union. All claimants were members of the union, although each of them quit paying dues to the union after the time each was laid off. Claimants were receiving no form of remuneration from the company after their respective dates of layoff.

During the course of the strike, each of the above-named claimants were mailed recall notices by the company; however, each claimant refused to report for work for the stated reason that they refused to cross the picket line. Each claimant testified that he would have returned to work but for the strike. Claimants did not at any time finance or participate in the strike or join the picket lines. At the time of recall of each claimant, said claimant was legally entitled to and was receiving unemployment compensation. After claimants' refusal to report for work, the company notified the Commission of the pertinent facts and requested that the Commission disqualify the claimants from receipt of unemployment benefits. The Commission held hearings on the matter, after which they ordered that claimants were not disqualified from receiving unemployment benefits. The company secured judicial review of the Commission's order under the provisions of Article 5221b–4(i) by filing this suit against the Commission and the claimants in a District Court of Dallas County, Texas. The trial court after hearing, entered judgment that claimants were each disqualified from receiving unemployment compensation benefits after their respective dates of recall until August 4, 1972, the date of the end of the strike. From this judgment the Commission appeals to this court on three points of error. We sustain the Appellant-Commission's points and contentions and thereby reverse

the trial court's judgment and hold that claimants are entitled to the unemployment compensation benefits in dispute.

The determination of this case turns upon the construction to be put upon the term "new work" in Article 5221b–3, Vernon's Annotated Civil Statutes.

The pertinent language of Article 5221b–3 as it applies to the case at bar reads as follows:

"An individual shall be disqualified for benefits: * * *

"(c) If the Commission finds that during his current benefit year he has failed, without good cause, * * * to accept suitable work when offered him, * * *.

"(2) Notwithstanding any other provisions of this Act, no work shall be deemed suitable and benefits shall not be denied under this Act to any otherwise eligible individual for refusing to accept *new work* under any of the following conditions: (a) If the position offered is vacant due directly to a strike * * *." (emphasis supplied).

The question before us is: When the claimants on layoff status were offered jobs by the company, was this "new work" as the term is used in Article 5221b–3(c)(2)? If it is "new work," then according to the plain language of the statute, the claimants are not disqualified from receiving the unemployment benefits, because it is undisputed that the jobs offered were vacant due directly to the strike. Appellant-Commission argues that it is "new work," pointing out that the employer-employee relationship between claimants and the company had been severed prior to the time the strike was called; that claimants' layoff was for an indefinite period; that employees were under no duty to ever work again for the company, and the company was under no duty to ever hire claimants again.

On the other hand, Appellee (the company) contends that it is not "new work" because the claimants were members of the union at all times material to the controversy; that claimants had seniority rights by virtue of the union's collective bargaining contract with the company; that the union in striking was working for the benefit of all its members (including claimants) in the way of higher wages, better working conditions, and other such matters, to the extent that claimants had an "attachment" to the jobs to which they were recalled, which had the legal effect of making the jobs to which they were recalled, "claimants' work" as opposed to "new work."

We have been presented no Texas case dealing with this problem, and we have found none. Out-of-state authorities are not harmonious. Appellant's position, to wit, that the work is "new work," is supported by *Davis v. Hix* (Supreme Court of Appeals of West Virginia 1954) 140 W.Va. 398, 84 S.E.2d 404; whereas Appellee's contentions are supported by *Merryman v. Administrator, Unemployment Compensation Act* (Superior Court of Connecticut, Hartford County 1962) 23 Conn.Sup. 233, 181 A.2d 260.

We agree with Appellant that the jobs offered constituted "new work," and so hold for the reasons hereinabove stated. The employer-employee relationship was severed at the time each claimant was laid off, and this was the situation at the time the jobs were offered. The facts that claimants were members of the union, and that they may have had seniority rights insofar as recall was concerned, are in our opinion too remote to cause us to hold that the jobs offered on recall were "claimants' jobs." This being so, we hold that claimants are not disqualified from receiving unemployment compensation because of their refusal to accept the jobs offered.

Appellee further contends (and the trial court held) that claimants were additionally disqualified under the provisions of Article 5221b–3(d). We do not agree. In our opinion, Subsection (d) is not applicable to the case at bar. Art. 5221b–3(c)(2) controls over Subsection (d) because Subsection (c)(2) is prefaced with the language: "Notwithstanding any other provisions of this Act * * *."

The Unemployment Compensation Act is remedial in its nature and should be

construed liberally to give effect to its beneficent purposes. *Meggs v. Texas Unemployment Compensation Commission* (Fort Worth CA 1950) 234 S.W.2d 453, writ refused.

For the reasons herein stated, we reverse the trial court and render judgment that claimants are entitled to the Unemployment Compensation Benefits in question.

REVERSED AND RENDERED.