BRIDGEPORT METAL GOODS MANUFACTURING
COMPANY *v.* ADMINISTRATOR, UNEMPLOYMENT
COMPENSATION ACT, ET AL.
(2090)

TESTO, HULL and BORDEN, Js.

Argued February 29—decision released May 22, 1984

1

*Donald E. Wasik,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellant (named defendant).

*Michael LaVelle,* for the appellee (plaintiff).

BORDEN, J. This is an appeal[1] by the named defendant, the administrator of the Unemployment Compensation Act; General Statutes §§ 31-222 through 31-274h; from the judgment of the trial court denying benefits to the claimant. The administrator awarded benefits. General Statutes § 31-241. The plaintiff, who is the employer, appealed to an appeals referee; General Statutes § 31-242; who affirmed the award. The plaintiff appealed to the employment security board of review; General Statutes § 31-249; which also affirmed the award. The trial court sustained the plaintiff's subsequent appeal; General Statutes § 31-249b; and denied benefits. We find error.

The facts are not in dispute. The claimant was an hourly paid employee of the plaintiff, which is located in Bridgeport. She was laid off on October 3, 1980, and filed for and received unemployment benefits. In December, 1980, she moved to Puerto Rico, where she continued to receive the benefits until July, 1981. On March 25, 1981, the plaintiff, pursuant to a collective bargaining agreement, sent her a recall notice, which she received but to which she failed to respond.

General Statutes § 31-236 (1) provides in pertinent part as follows: "An individual shall be ineligible for benefits . . . if the administrator finds that he has failed without sufficient cause . . . to accept suitable employment when offered him by . . . an employer . . . . Suitable work shall mean . . . work for which he is reasonably fitted, *provided such work is within*

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

*a reasonable distance of his residence . . . ."* (Emphasis added.) The issue is whether, under the facts of this case, the claimant's "residence" means the residence at the time of the lay-off or the residence at the time of the rehire offer. The trial court concluded that it means the claimant's residence at the time of the lay-off. We agree with the defendant that it means the residence at the time of the rehire offer.

First, the act is to "be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualification in doubtful cases." General Statutes § 31-274 (c). It is remedial legislation and as such is " 'to be construed liberally as regards beneficiaries, in order to accomplish its purpose' "; *Reger* v. *Administrator,* 132 Conn. 647, 650, 46 A.2d 844 (1946); which is " 'to ameliorate the tragic consequences of unemployment.' " Id.

Second, since 1936 the defendant has been interpreting the word "residence" to mean the claimant's residence at the time of the rehire offer. Such a long-standing administrative construction of the statute by the agency charged with its enforcement is " 'high evidence of what the law is' "; *Wilson* v. *West Haven,* 142 Conn. 646, 657, 116 A.2d 420 (1955); and is to be given "great deference." *Roy* v. *Centennial Ins. Co.,* 171 Conn. 463, 473, 370 A.2d 1011 (1976).

Third, our Supreme Court has interpreted a closely related provision of the act to focus on the claimant's location. "Since, under unemployment compensation laws, it is the availability of an individual that is required to be tested, the labor market must be described in terms of the individual. A labor market for an individual exists when there is a market for the type of services which he offers in the geographical area in which he offers them." *Reger* v. *Administrator,* supra, 651.

Fourth, a contrary interpretation would be inconsistent with the interstate unemployment compensation benefits program which operates in all fifty states, the District of Columbia, Puerto Rico and the Virgin Islands, and of which our act forms a part. See, e.g., General Statutes § 31-255. This system encourages unemployed workers to seek employment in other localities by continuing their benefits when they move. It is deeply rooted in the notion of "[f]reedom of movement within the labor market, whether induced by initiative or personal necessity." Menard, "Refusal of Suitable Work," 55 Yale L.J. 134, 145 (1945). The "geographic mobility of labor . . . can aid in equalizing wages and work conditions for comparable employments. It helps to distribute workers where the need is greatest. It may provide workers with an opportunity to use their capacities and abilities most effectively." Altman, Availability for Work, p. 204.

We disagree with the reasoning of *Brown-Brockmeyer Co.* v. *Holmes,* 152 Ohio St. 411, 89 N.E.2d 580 (1949), on which the plaintiff relies. See also Altman, op. cit., 205–213.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant on the appeal.

In this opinion the other judges concurred.