KOSMOS CEMENT COMPANY,
INC., Appellant,

v.

Thomas HANEY; Edward L. Dilley, Jr.;
Kenneth W. Metcalfe; Ronald W. Met-
calfe; James D. Byrd; Donald L. Reed;
Richard Dyche; Michael E. McNutt;
Walter Smith; Damen Earl Wilkins;
Logan C. Gustler; James Ray Fentress:
Robert Douglas Haney; John P.
Dougherty; Joseph L. Knott; Harold L.
Litsey; James Earl Daley; Robert H.
Mintkenbaugh; R.L. Herschel Tar-
rence; George Tarrence; William
Pipes; Richard Cissel; Zane Brown;
Glen Bogort; Gary Jones; Ronnie Bur-
rell; William D. Perks; Richard W.
Churchill, Jr.; Arthur Mattingly, and
Kentucky Unemployment Insurance
Commissioner, Appellees.

Supreme Court of Kentucky.

Oct. 31, 1985.

Charles G. Middleton III, James K. Falk,
Middleton & Reutlinger, Louisville, for ap-
pellant.

Herbert L. Segal, Adrienne A. Berry,
Segal, Isenberg, Sales, Stewart & Cutler,

Louisville, for appellees, Thomas Haney, et al.

R. Hughes Walker, Terry L. Morrison, Cabinet for Human Resources Office of the Counsel, Frankfort, for appellee Kentucky Unemployment Ins. Com'n.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals in an unemployment compensation matter which had reversed the judgment of the Franklin Circuit Court which in turn had reversed the decision of the unemployment commission.

The principal legal issue is whether employees who have been laid off for lack of work prior to the beginning of a strike and who are then recalled to work which, except for the strike, would not have been available, are required to return to work or lose their unemployment benefits.

Haney and the other appellees are union members who were laid off for lack of work on March 1, 1981. When production resumed, Haney and the others were not recalled to work and they began receiving unemployment benefits.

Following the rejection of the last proposal of Kosmos during collective bargaining negotiations, the union began a strike on May 8, 1981. By certified letter dated May 9, Kosmos notified the strikers and those on lay-off of its intent to continue operations and asked all employees to return to work. It also asked those on lay-off to indicate if they were joining the strike. Kosmos advised the unemployment insurance office of the strike and the recall notice and benefits were suspended. The unemployment commission referee decided that all of the laid off employees were disqualified from benefits for having left their employment due to a strike. The full commission unanimously reversed the decision of the referee because they disagreed with his conclusions. They adopted his findings of fact and ruled that the proximate cause of the unemployment was that claimants were laid off for lack of work. The commission reasoned that the intervening event of a strike was not controlling in determining qualification for benefits. The circuit court set aside the order of the commission for lack of substantial evidence and directed the confirmation of the referee's decision, holding that the employees were not entitled to benefits. The Court of Appeals reversed the decision of the circuit court and reinstated the decision of the commission. This Court accepted discretionary review.

This Court affirms the decision of the Court of Appeals because the circuit court exceeded the proper scope of review in reversing the decision of the commission. The commission's decision was supported by substantial evidence. The proximate cause of the claimants' unemployment was the fact that they were laid off due to lack of work. The intervening strike and the refusal of the company recall by the claimants did not disqualify them from receiving benefits.

 The findings of fact of an administrative agency which are supported by substantial evidence of probative value must be accepted as binding by the reviewing court. The duty of the court is to determine whether the agency misapplied the correct rule of law to the facts as found. See *Southern Bell Telephone & Telegraph Co. v. Kentucky Unemployment Ins. Com'n*, Ky., 437 S.W.2d 775 (1969); 81 C.J.S. *Social Security* § 286 (1977). The circuit court erroneously substituted its judgment for that of the unemployment commission.

Here the commission adopted the findings of fact of the referee but reversed his decision because it disagreed with the conclusion he drew from the facts. The decision of the commission was clearly supported by the record. The commission determined that the lay-off was the proximate cause of the claimants' unemployment. The appellees were laid off approximately two months before the strike. Although production was resumed a short time later, they were not recalled. It was not until the company realized that a strike was imminent that the appellees were of-

fered work. Consequently the commission found that the intervening strike and the company recall had no bearing on their eligibility for benefits. The purpose of KRS 341.360 is to disqualify employees who voluntarily leave work in order to improve their bargaining position in a labor dispute. This did not occur in this situation. They were not working because they had been previously laid off.

The Kosmos recall was an offer of unsuitable work which the claimants had good reason to refuse. Employment offered due to a strike is not suitable work. Although the individual states have great freedom to establish their own unemployment compensation programs, each state must meet certain minimum federal requirements.

KRS 341.100(2)(a) provides:

(2) For the purpose of this chapter, no work shall be suitable nor shall benefits be denied under this chapter to any otherwise eligible worker for refusing to accept new work or new conditions of work under one (1) or more of the following:

(a) If the position offered is vacant due directly to a strike, lock-out or other labor dispute;

■ The Department of Labor, which is the federal agency responsible for insuring that state laws comply with federal standards, has interpreted statutes identical to KRS 341.100(2)(a) to the effect that if a worker was discharged or laid off indefinitely that such is the equivalent of a discharge because there is no fixed or determined date for recall. *See Engracia Campos v. California Employment Development Dep't*, 132 Cal.App.3d 961, 183 Cal. Rptr. 637 (Cal.Ct.App.1982); *Accord* 26 U.S.C. § 3304(a)(5)(A). No work shall be suitable nor shall benefits be denied for refusing to accept new work or new conditions of work if the position offered is vacant due to a strike.

The jobs offered by Kosmos were to replace the striking workers and thus were vacant due to a strike. The claimants were laid off more than two months before the strike and were not recalled when produc-

tion resumed. There is no evidence as to whether the work would have been available had they, along with those active employees who were striking, accepted the recall.

■ When the claimants were laid off they were not given a definite date when they would return to work but instead the lay-off was indefinite. Work offered to a person on indefinite lay-off is new work within the meaning of 26 U.S.C. § 3304(a)(5)(A); KRS 341.100(2)(a). We are persuaded that the proper interpretation of the phrase "new work" is to be found in the decisions of California, Texas, New York, Wisconsin and New Jersey.

These cases have rejected the employer's argument that because the recalled workers had seniority rights, the work could not be considered "new work." These courts have reasoned that requiring claimants to become strike breakers violates the intent and purpose of the Fair Labor Standards Act. *See Cointreau, Ltd. v. Board of Review, Dep't of Labor and Industry*, 171 N.J.Super. 407, 409 A.2d 811 (1979). The Connecticut case of *Merryman v. Administrator*, 23 Conn.Supp. 233, 181 A.2d 260 (Conn.Super.Ct.1962), is not convincing in its interpretation of the phrase "new work."

The California Court of Appeals in *Engracia Campos, supra*, cited a 1968 unemployment insurance letter from the Federal Department of Labor in considering a situation legally similar to this case even though it involved seasonal immigrant workers. The term "new work" is used to include recall offers of two former employees who have been previously laid off for an indefinite period. An offer of new work is an offer of a new contract of employment. In this case, the claimants were never given a date to return to work. They were on indefinite layoff which is the equivalent of discharge. Therefore they could properly refuse recall without loss of benefits.

The appellate courts of several other states have adopted this position when they

consider the question involved. In *Cointreau, Ltd., supra,* the New Jersey appellate court, in a case involving seasonal assembly line workers, recognized the principle that requiring claimants to become strike breakers would violate the fair labor standards act.

In *Texas Employment Com'n v. E-Systems, Inc.,* 540 S.W.2d 761 (Texas Civ.App. —Waco 1976), the Texas Court of Appeals determined that fair labor standards provisions protected claimants from being required to replace strikers even though the recalled workers had seniority rights with the employers. The Texas court determined that the work offered on recall during a strike would be considered "new work."

The Supreme Court of Wisconsin has also considered the meaning of "new work" in regard to its own statutes and the federal legislation. The Wisconsin court held that an offer of work by an employer to a former employee who was on indefinite lay-off constituted new work although not in a strike situation. *See Allen-Bradley v. Department of Industry, Labor and Human Relations,* 58 Wis.2d 1, 205 N.W.2d 129 (1973). In *A.O. Smith Corp. v. Department of Industry, Labor and Human Relations,* 88 Wis.2d 262, 276 N.W.2d 279 (1979), claimants who were all union members on indefinite lay-off were not required to accept new work to replace regular workers who had gone on strike as *Allen-Bradley, supra,* was dispositive.

A similar decision involving indefinite layoff for seasonal workers can be found in *Hunger v. Buffalo Slag Co.,* 40 A.D.2d 728, 336 N.Y.S.2d 525 (1972).

 The intent of the Kentucky statute as well as federal legislation was to protect workers from being forced by unemployment insurance compensation programs into replacing striking workers. Here the recall offer was "new work," and the claimants were justified in refusing such work under Kentucky law because of the existence of the strike. The commission's finding that the strike and recall had no bearing on the eligibility for unemployment benefits is thus supported by the law.

■ It is the holding of this Court that claimants who have been laid off for lack of work prior to the beginning of a strike and who are then recalled to work which but for the strike would not have been available are not required to return to work or lose their unemployment benefits.

The decision of the Court of Appeals is affirmed.

All concur except GANT, J., who concurs in the result only.