A.P. PARTS COMPANY, APPELLANT, *v.* ADMINISTRATOR, OHIO BUREAU OF EMPLOYMENT SERVICES, ET AL., APPELLEES.

(No. L-87-109 — Decided
March 31, 1988.)

*John Landwehr,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Thomas Osowik,* special counsel, for appellee Ohio Bureau of Employment Services.

*Joan Torzewski,* for appellees Fred Gose and Duncan Main.

*Per Curiam.* This cause is before the court upon appeal of three judgments[1] of the Lucas County Court of Common Pleas. The subject judgments affirm three decisions by the Unemployment Compensation Board of Review (the "board") that, in turn, affirm several decisions on reconsideration by appellee, the Administrator of the Ohio Bureau of Employment Services (the "administrator"). The administrator's decisions found that appellees-claimants, Robert L. Gardner, Daniel G. Sisler, Fred Gose, Duncan Main and sixty-seven others (the "claimants"), refused with good cause an offer of work with appellant, A.P. Parts Company, and allowed the respective claims for unemployment compensation benefits.[2] The pertinent facts are as follows.

In March 1984, appellant employed claimants and its other employees at its Matzinger Road Plant in Toledo under the terms of a labor-management agreement executed by appellant and the employees' collective bargaining representative, UAW Local 14 (the "union"). The labor-management contract expired on March 3, 1984, before the union and appellant could agree upon a successor agreement. Following a short strike, the union unconditionally offered on March 5, 1984, to return to work. Appellant responded on the same date by unilaterally implementing the terms of its last contract proposal. The claimants and appellant's other employees returned to their jobs on March 7, 1984. The claimants continued to work until they were separated from employment through a series of layoffs occurring on March 9, 20, and 23, 1984. The layoffs were due to lack of work and were to last indefinitely. Thereafter, the administrator granted unemployment compensation benefits to the claimants. Appellant did not object to these initial grants. On May 2, 1984, appellant's remaining employees walked off their jobs and commenced a strike. In response, appellant contacted the claimants by certified mail, offering work at those jobs vacated by the striking employees. The claimants refused these offers of work.

Notwithstanding these refusals,

---

[1] Each judgment was respectively followed by timely notices of appeal. In a decision dated June 30, 1987, this court consolidated the three cases.

[2] The three decisions by the board of review were captioned "In Re Claim of Daniel G. Sisler, et. al. [*sic*]"; "In Re Claim of Robert L. Gardner"; and "In Re Claim of Fred Gose, et. al. [*sic*]." The Sisler case concerned sixty-eight separate claimants; Gose concerned two; and Gardner concerned one.

the administrator granted the claimants' applications for continued unemployment compensation benefits. The administrator's decisions allowing these claims held that R.C. 4141.29(E)(2) precluded disqualifying the claimants from continued receipt of benefits. Pursuant to R.C. 4141.28(G)(1), appellant applied for reconsideration of these decisions. The administrator's decisions on reconsideration affirmed the initial determinations. The affirmances were granted under the following reasoning:

"Section 4141.29(E), Ohio Revised Code, provides no individual otherwise qualified to receive benefits shall lose the right to benefits by reason of a refusal to accept new work if the position offered is vacant due directly to a strike, lockout, or labor dispute. In addition, Section 4141.29(F) provides that in determining whether *any* work is suitable for a claimant in the Administration of Section[s] 4141.01 to 4141.46 of the Ohio Revised Code, the Administrator shall, in addition to the determination required under Division E of this Section, consider the degree of risk to the claimant's health, safety, and morals and his physical fitness for the work, his prior training and experience, the length of his unemployment, the distance of the available work from his residence, and his prospects for obtaining local work.

"The facts show claimant was offered work by the AP Parts Company on May 3, 1984. The claimant refused the offer of employment because a labor dispute was in existence at the employer's plant.

"In consideration of all the facts, it is concluded that the claimant's health, safety, and morals would have been subject to a considerable degree of risk by accepting such job offer. Under these circumstances it cannot be held claimant refused an offer of suitable work."

Pursuant to R.C. 4141.28(H), appellant appealed the administrator's reconsidered decisions to the board.

The board's jurisdiction to review is governed by R.C. 4141.28(J), which directs in pertinent part that "the board * * * shall, after affording * * * a fair hearing, affirm, modify, or reverse the findings of fact and the decision of the administrator * * * in the manner which appears just and proper." Accordingly, a group of consolidated hearings was held on May 23, 1985. The board's resulting decisions found in pertinent part that:

"The material facts in the cases herein are not in dispute. Claimants herein were employees of the Company who were on layoff status with the Company due to a lack of work. While on layoff, the remaining employees still working at the Company went out on strike. After the strike started, the Company recalled the claimants to the jobs which had been vacated by the striking workers. The hours, wages, and other terms and conditions of employment were to be the same as they had been for laid off workers at the time they were laid off. The claimants herein refused the recalls. The question for the Board of Review to decide is a matter of law and involves the interpretation and application of Sections 4141.29(D)(2)(b), (E) & (F) of the Revised Code of Ohio. Stated in terms of the facts in the cases herein, the question to be resolved is 'Will the fact that the offers of work which claimant[s] refused were to work which was vacant due to a strike, be a factor in determining the suitability of the work for the claimants herein involved?' "

The board's decisions affirmed *in toto* virtually every administrator's

decision on reconsideration.[3] In affirming the administrator's decisions, the board found that:

"The facts set forth * * * clearly show that the work offered to the claimants herein was work which was vacant due to a strike, and the work offered under those circumstances is not suitable work within the meaning of the Ohio Unemployment Compensation Law. Claimants therefore had good cause for refusing the offers of work and, thus, there is no disqualification called for under division (D) of Section 4141.29 of the Revised Code of Ohio. Since the facts show the claimants were otherwise eligible according to Section 4141.29(A) of the Revised Code, the Administrator correctly allowed the claims * * *. The reconsideration decisions therefore in the various cases must be affirmed."

Pursuant to R.C. 4141.28(O), appellant appealed the board's decisions to the trial court.

The trial court's jurisdiction to review is governed by R.C. 4141.28(O), which provides that a decision by the board shall be affirmed unless the court finds the decision was "unlawful, unreasonable, or against the manifest weight of the evidence." The trial court affirmed the board's decisions and found in pertinent part that:

"[E]mployees who are laid off indefinitely for lack of work, but who are recalled solely to fill vacancies created by striking employees, may refuse such recalls because the offered work is unsuitable. The recall is an offer of 'new work [* * *] vacant due directly to a strike, lockout, or other labor dispute.' R.C. 4141.29(E) and (F).

"Our interpretation of 'new work' as used in R.C. 4141.29(E) is consistent with the intent and purpose of the Unemployment Compensation Act. The Act 'being a remedial statute, is to be liberally construed in favor of the persons to be benefited.' R.C. 4141.46; *Harp* v. *Administrator* (C.P. 1967), 12 Ohio Misc. 34, 36. The persons to be benefited are employees who, by reason of adverse business conditions, are involuntarily unemployed. *Baker* v. *Powhatan Mining Co.* (1946), 146 Ohio St. 600. Employees who are originally laid off for lack of work due to 'adverse business conditions' and are collecting unemployment benefits should not lose that source of income because they did not want to cross a picket line.

"In the case *sub judice,* the Board of Review determined that appellees were laid off indefinitely due to lack of work and that they were recalled to jobs which had been vacated by the striking employees. Further, the Board determined that the appellees refused the recall because it was an offer of new work vacant due to a strike and therefore unsuitable. Based on the applicable case law, the Board's finding is not unlawful, unreasonable, or against the manifest weight of the evidence. Accordingly, the Board of Review's decision[s] must be affirmed."

Appellant timely appealed.

Appellant raises the following assignment of error:

"The trial court erred when it affirmed the grant of unemployment compensation to appellees because appellees, recalled to work by their base employer, were not recalled to 'new work'; and their refusals to work due to a labor dispute, other than a lockout, disqualified them from receiving unemployment compensation."

---

[3] The board's decision for two claimants, Fred Gose and Duncan W. Main, "modified" the administrator's respective decisions to accord with the board's finding of facts. Nevertheless, the board allowed the claims for Gose and Main.

For the following reasons, we find this assignment of error not well-taken.

The trial court supported its holdings in the instant cases with its application of R.C. 4141.29(E)(2). R.C. 4141.29(E)(2) states:

"(E) No individual otherwise qualified to receive benefits shall lose the right to benefits by reason of a refusal to accept *new work* if:

"* * *

"(2) The position offered is vacant due directly to a strike, lockout, or other labor dispute." (Emphasis added.)

Appellant's assignment of error essentially contends that the trial court's application of R.C. 4141.29(E)(2) is contrary to law. Specifically, appellant argues that the trial court's use of the term "new work" conflicts with the holding of an Ohio Supreme Court case, *Brown-Brockmeyer Co.* v. *Holmes* (1949), 152 Ohio St. 411, 40 O.O. 405, 89 N.E. 2d 580. Appellant contends that *Holmes* authoritatively defines "new work" as it is used in R.C. 4141.29(E), and quotes in pertinent part the portion of the opinion in *Holmes,* stating that "* * * the term, 'new work,' applies to work other than that offered by the base employer * * *." *Id.* at 414, 40 O.O. at 407, 89 N.E. 2d at 582. As the "base employer" in the instant case, appellant reasons under the quoted language of *Holmes* that its offer was not for "new work." Under this reasoning, appellant concludes that the trial court's use of "new work" contradicts the authority of *Holmes.*

However, we find that *Holmes* is inapposite. The pertinent facts of *Holmes* are summarized in its introductory sentence, which states:

"The question here presented is whether an employee may voluntarily quit work continuously available to him by his employer in Ohio, move to a dis-tant state where he accepts employment and later becomes unemployed, refuse work for which he is reasonably fitted and offered him in good faith by his former Ohio employer, on the ground that the offer of such employment is an offer of new work not suitable because of its distance from the employee's present residence, and at the same time qualify himself to collect unemployment benefits as to such former Ohio employer." *Id.* at 413, 40 O.O. at 406, 89 N.E. 2d at 582.

The facts in the case *sub judice* are patently dissimilar. The claimants in the instant case did not voluntarily quit work; they were involuntarily laid off for lack of work. The work was not continuously available. Instead, it became available only after the commencement of a labor dispute. Finally, the claimants herein did not accept employment in a foreign state and then seek unemployment benefits from Ohio as the liable state. Therefore, the law of the case in *Holmes, supra,* is based on facts wholly distinguishable from those of the instant case. Furthermore, it is a well-settled rule in Ohio that, exclusive of *per curiam* opinions, the Supreme Court speaks as a court only through the syllabi of its cases. *Ohio* v. *Gallagher* (1976), 425 U.S. 257. *Holmes, supra,* is not a *per curiam* opinion. Moreover, we find that the syllabi of the opinion do not define "new work" for purposes of R.C. 4141.29(E). Accordingly, appellant's contention that *Holmes* is controlling in the instant case is without merit.

Appellant directs this court's attention to the cases of other jurisdictions supporting its interpretation of "new work." Several jurisdictions generally hold that an offer of employment made by the base employer to a laid-off base employee is not an offer of "new work" when the offer is motivated by a labor dispute. *Merryman* v. *Admr., Unemployment Comp. Act*

(1962), 23 Conn. Supp. 233, 181 A. 2d 260; *Barrier* v. *Emp. Div.* (1977), 29 Ore. App. 387, 563 P. 2d 1230. See, also, *Fort Smith Chair Co.* v. *Laney* (1964), 238 Ark. 636, 383 S.W. 2d 666; *Jones & Laughlin Steel Corp.* v. *Unemployment Comp. Bd. of Review* (1963), 202 Pa. Super. 209, 195 A. 2d 922.[4] Conversely, we note that the trial court's decision cites the case law of several jurisdictions holding that when an employee has been laid off from work "indefinitely," then an offer of employment to said employee from the base period employer is an offer of "new work" if it is motivated by a labor dispute. See *Kosmos Cement Co.* v. *Haney* (Ky. 1985), 698 S.W. 2d 819; *A.O. Smith Corp.* v. *Dept. of Industry, Labor & Human Relations* (1979), 88 Wis. 2d 262, 276 N.W. 2d 279; *Campos* v. *California Emp. Dev. Dept.* (1982), 132 Cal. App. 3d 961, 183 Cal. Rptr. 637; *Texas Emp. Comm.* v. *E-Systems, Inc.* (Tex. 1976), 540 S.W. 2d 761. Appellant contends that its cases are authoritative relative to those cited by the trial court because the layoffs in

the instant case were not "indefinite" as they were in the cases cited by the trial court. We do not agree. The board found in its decisions that the subject layoffs were "indefinite." Although the trial court's decisions affirmed this finding, appellant has not assigned it as error. Accordingly, we disregard appellant's contention.

Our review of the cases finds that the authority relied upon by the trial court conflicts with that relied upon by appellant, negating its persuasiveness. Furthermore, a careful review of our previous decisions for cases arising from the same labor dispute underlying the instant case reveals that they are distinguishable and, therefore, not determinative.[5] However, this impasse does not preclude resolution of the instant case because we do not agree with appellant's assertion that the "interpretation of 'new work' as found in R.C. 4141.29(E) is crucial" to determining this appeal. Instead, we find that the determinative issue in this appeal is whether the affirmance by the trial court satisfies our review. Per-

---

[4] Notwithstanding appellant's contention that the cited cases are directly on point, this court notes that several contain facts materially different from those of the case *sub judice*. For example, the claimants in *Fort Smith Chair Co., supra,* were found to have been "temporarily laid off." *Id.* at 637, 383 S.W. 2d at 667. This is contrary to the finding in the instant case, wherein the claimants were found to have been laid off "indefinite[ly]." The claimants in *Barrier, supra,* were found to have joined the picket line and received strike benefits from the union strike fund. Although the record in the instant case contains testimony to the effect that claimants neither joined the picket line nor received strike benefits, no responsive finding of fact was made.

[5] In *Stutts* v. *A.P. Parts Co.* (Dec. 31, 1987), Lucas App. Nos. L-87-129, L-87-131 and L-87-132, unreported, we affirmed the decision of the lower court, which had af-

firmed the decisions of the board. We note that all claimants in *Stutts* were denied benefits, while all claimants in the instant case were granted benefits. Moreover, the assignments of error in the instant case substantively differ from those raised in *Stutts*. Most significantly, the board found in the instant case that all claimants were offered work expressly to replace striking employees, but no claimant in *Stutts* was found to have been offered such work. For example, claimant Henry L. Stutts' recall was not causally linked to the strike at the A.P. Parts facility. Instead, the board found that the claimant was scheduled to return to work from a disciplinary layoff on May 7, 1984. Similarly, claimant Ronald G. Heringhauser's recall for work beginning the day preceding the work stoppage was not motivated by the strike. Rather, the board found that the purpose of claimant's recall was to replace an employee put on disciplinary layoff.

force, our review must include the determination whether particular findings of fact made by the board meet the specific standard of review provided under R.C. 4141.28(O). See *Superior Metal Products, Inc.* v. *Admr., Bur. of Emp. Serv.* (1975), 41 Ohio St. 2d 143, 70 O.O. 2d 263, 324 N.E. 2d 179.

Determining "[w]hether work is 'suitable work' within the meaning of Section 4141.29, Revised Code, is a question of fact for determination by the trier of facts." *Pennington* v. *Dudley* (1967), 10 Ohio St. 2d 90, 39 O.O. 2d 94, 226 N.E. 2d 738, paragraph two of the syllabus. The board was the appropriate trier of fact in the instant case. See *Angelkovski* v. *Buckeye Potato Chips Co.* (1983), 11 Ohio App. 3d 159, 11 OBR 242, 463 N.E. 2d 1280, paragraph one of the syllabus. The board found in its decisions that the work offered by appellant was available due to a strike. Finding that such work "was not suitable work," the board concluded that claimants had "good cause" to refuse appellant's offers of work. Pursuant to R.C. 4141.28(J) and 4141.29(D)(2)(b), the board is statutorily empowered to make such a finding. These findings of "unsuitability" and "good cause" constitute the gravamen of this appeal.

In reviewing the subject findings, "the jurisdiction of the [trial court] was limited to a finding of whether the decision of the board of review was unlawful, unreasonable, or against the manifest weight of the evidence." *MacMillian* v. *Unemployment Comp. Bd. of Review* (1983), 10 Ohio App. 3d 290, 291, 10 OBR 465, 466, 462 N.E. 2d 177, 178. Concordantly, the court below found that the board's decisions were "not unlawful, unreasonable, or against the manifest weight of the evidence." Because the decisions of the trial court are now before this court on appeal, we find that the determinative issue in the case *sub judice* is as follows:

When claimants who are receiving unemployment benefits due to lack of work are offered work by the base period employer to replace striking employees, is it unlawful, unreasonable, or against the manifest weight of the evidence for the board either to determine that the work offered is "unsuitable," or to conclude that such offers were refused with "good cause"?

Appellant urges this court to hold that the board's findings are unlawful under the authority of *Holmes, supra.* We find the inappositeness of *Holmes* precludes this conclusion. Appellant further contends that the case law it cites from several other states supports the finding of unlawfulness. However, we find that the persuasiveness of these cases is vitiated by those cases cited in the decision of the trial court. Consequently, we are unable to conclude that the subject findings by the board were unlawful. Accordingly, we affirm the lower court's holding that the board's findings were not unlawful.

Our review now requires this court to address the determination made by the trial court that the board's decisions were neither unreasonable nor against the manifest weight of the evidence. Our role in reviewing this determination is to ascertain whether trial court abused its discretion. *Angelkovski, supra,* at 161, 11 OBR at 243, 463 N.E. 2d at 1282. Such "abuse of discretion" arises only upon the finding that the lower court's decision is "without a reasonable basis, one that is clearly wrong." *Id.* at 162, 11 OBR at 244, 463 N.E. 2d at 1283. Our review of the record, the briefs, and the applicable law does not support such a finding. Accordingly, we affirm the lower court's holding that the board's findings were not unreasonable or

against the manifest weight of the evidence.

On consideration whereof, this court finds substantial justice has been done the party complaining, and the judgments of the Lucas County Court of Common Pleas are affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgments affirmed.*

CONNORS, HANDWORK and GLASSER, JJ., concur.