## CIRCUIT COURT OF SMYTH COUNTY

Betty L. Anderson et al.

v.

Virginia Employment Commission

Case No. CL92003728

Brian Bowers

v.

Virginia Employment Commission

Case No. CL92003721

March 10, 1993

BY JUDGE CHARLES B. FLANNAGAN, II

These matters are before the court on an appeal by several employees of the Brunswick Corporation from the decision of the Commissioner of the Virginia Employment Commission denying them unemployment benefits. Petitioners were among a group of employees who were laid off from Brunswick due to lack of work. The lay-off was for an indefinite period.

In 1991, Brunswick met an impasse in labor negotiations, and its contract with the United Brotherhood of Carpenters and Joiners of America, Local 1764, expired at midnight, March 1, 1991. A strike began on March 2. On March 3, Brunswick began calling employees who were on lay-off status back to work. These employees were to fill positions vacated by reason of the strike. The employees declined to accept the work, and Brunswick requested the Employment Commission to hold a hearing to determine whether the laid-off employees were "eligible" to receive unemployment benefits due to their refusal to accept work offered to them. The employees had previously been

determined to be eligible and were, in fact, receiving unemployment benefits. The strike ended in April, 1991, and those employees who were on lay-off status at the time of the strike were once again placed on indefinite lay-off status.

The Appeals Examiner determined that the employees were entitled to benefits, but upon appeal by Brunswick, the Commissioner reversed on the grounds the employees were not "eligible" under the requirements of the Code of Virginia § 60.2–612. That section provides in part as follows:

> An unemployed individual shall be eligible to receive benefits for any week only if the Commission finds that . . . .
>
> 2.a. His total or partial unemployment is not due to a labor dispute in active progress or to shutdown or start-up operations caused by such dispute which exists (i) at the factory, establishment, or other premises . . . at which he is or was last employed . . . . This subdivision shall not apply if it is shown to the satisfaction of the Commission that:
>
> (1) He is not participating in or financing or directly interested in the labor dispute; and . . . Code § 60.2–612.

Arguably inconsistent with this language is the language of Code § 60.2–618 which provides, in part, as follows:

> An individual shall be disqualified for benefits upon separation . . . .
>
> 3. a. If it is determined by the Commission that such individual has failed, without good cause, either to apply for available, suitable work when so directed by the employment office or the Commission or to accept suitable work when offered him. The disqualification shall commence with the week in which such failure occurred and shall continue for the period of unemployment next ensuing until he has performed services for an employer during thirty days, whether or not such days are consecutive and subsequently becomes totally or partially separated from such employment.
>
> b. In determining whether or not any work is suitable for an individual, the Commission shall consider the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience, his length of unem-

ployment, and the accessibility of the available work from his residence.

   c. *No work shall be deemed suitable and benefits shall not be denied under this title to any otherwise eligible individual for refusing to accept new work under any of the following conditions*:

   *(1) If the position offered is vacant due directly to a strike, lockout, or other labor dispute.* Code § 60.2–618 (emphasis added).

Simply stated, the Commissioner's position is that the employees were not "disqualified" for failure to accept suitable work under Code § 60.2–618, but rather they were not "eligible" because their unemployment was due to a labor dispute in active progress as contemplated by Code § 60.2–612. I have considered the arguments and briefs of counsel and the record in these cases, and upon consideration of the same, I conclude that the Commissioner was in error in denying the benefits to the employees in these cases.

I am satisfied that the Commonwealth's policy of neutrality in labor disputes would be violated with the Commissioner's construction of these statutes and resultant finding that these employees were not eligible to receive unemployment benefits. The state's neutrality is not compromised by allowing employees on indefinite lay-off prior to the strike to continue receiving their benefits.

It is clear these employees had previously been determined to be eligible for unemployment benefits. It is clear these employees were on an indefinite lay-off status and that the court's finding of such is not in conflict with findings of the Commission, and indeed, any finding to the contrary would not stand. It is clear that but for the strike and the resulting job vacancies, the recalls would not have been issued. It is clear that Brunswick was attempting to use the State unemployment compensation system to generate strike-breakers in order to avoid the economic consequences of a labor strike. It is clear that to permit the State unemployment compensation system to be used in this manner tilts the economic scales in favor of the employer.

I recognize the Commissioner's view that eligibility must be determined before reaching the issue of disqualification, but these statutes must be considered together, and the Commissioner's construction emasculates Code § 60.2–618 of any real meaning or force except in very narrow circumstances and would reduce these statutes to double-

talk, a result I do not believe was intended by the General Assembly. The law is clear that when a statute is subject to more than one interpretation, the interpretation which will carry out the legislative intent should be applied. *Garrison v. First Federal, etc.*, 241 Va. 335 (1991). "Furthermore, no part of an act should be treated as meaningless unless absolutely necessary." *Id.* p. 340. I conclude that the only logical construction which gives real meaning to both Code § 60.2–612 and 60.2–618, and gives deference to the State's position of neutrality in labor disputes, requires a finding that employees determined to be eligible for benefits prior to a labor strike do not become ineligible when the employer offers work that is deemed unsuitable under the disqualification provisions of Code § 60.2–618. This is consistent with the reasoning set forth in the case of *Dole Hawaii, etc. v. Ramil*, 794 P.2d 1115 (Hawaii 1990), which I find to represent the better reasoning in this area. *See also A. P. Parts Co. v. Bureau of Emp. Serv.*, 542 N.E.2d 684 (Ohio App. 1988); *Kosmos Cement Co., Inc. v. Haney*, 698 S.W.2d 819 (Ky. 1985); *Anderson v. Top O'Michigan Rural Elec Co.*, 324 N.W.2d 603 (Mich. App. 1982); *Quaker Oats v. Com., Unemployment Comp. Bd.*, 442 A.2d 367 (Pa. 1982); *A. O. Smith Corp. v. Dept. of I. L. H. R.*, 276 N.W.2d 279 (Wis. 1979); *Contreau, Ltd. v. Bd. of Review, etc.*, 409 A.2d 811 (N.J. 1979); *Bowen v. Review Bd. of Ind. Emp. Sec. Div.*, 362 N.E.2d 1178 (Ind. 1977); *Texas Employment Commission v. E-Systems, Inc.*, 540 S.W.2d 761 (Tex. 1976); *Davis v. Hix*, 84 S.E.2d 404 (W. Va. 1954). Accordingly, I conclude the Commissioner was in error in determining these employees did not meet the eligibility requirements of the Code.

For the reasons aforesaid, the employees are determined to be entitled to unemployment benefits for the period in question.