[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR JUDGMENT
In this statutory appeal concerning unemployment compensation, the pro se plaintiff Sarah E. Buscher (hereinafter "Buscher") appeals the decision of the board of review that affirmed the referee's decision denying her benefits. The Administrator has moved for judgment dismissing Buscher's appeal. Buscher has also moved for judgment claiming that the cigarette smoke at her job caused her severe medical problems and was the reason that she quit. For the reasons set forth below, the court denies both motions for judgment and remands the case for further proceedings.
After a hearing, the appeals referee found that Buscher had voluntarily left her job with the Mashantucket Pequot Tribal Gaming Enterprise because she had allergies related to the climate in Connecticut and wanted to relocate to New Jersey where she had family. The appeals referee specifically found that Buscher's allergies related to the climate in Connecticut and not CT Page 1307 her job and that her job at the casino did not aggravate her medical condition. Based on these facts, the appeals referee affirmed the Administrator's denial of benefits.
In her appeal of the referee's decision to the board of review, Buscher alleged the following:
 "One more thing, every doctor I went to said the problem was the smoke in work. In an attempt to be completely honest with you I said I was not sick working in other casinos in N.J."
The board of review did not reopen the hearing to receive any additional evidence regarding Buscher's claim that she had been advised by her doctors that the smoke in the casino was the cause of her medical problem. On the basis of evidence presented to the appeals referee, the board of review affirmed the denial of unemployment benefits.
The court is aware that in administrative appeals of this nature, the court must not retry facts nor hear evidence.Mattatuck Museum — Mattatuck History Soc. v. Administrator,238 Conn. 273, 276 (1996). This rule has some flexibility in that "the leniency traditionally afforded to inexperienced pro se parties may justify belated consideration of claims not fully explored in earlier proceedings." Burnham v. Administrator,184 Conn. 317, 322-23 (1981). Notwithstanding this flexibility, Buscher's claims about smoke at work, are more appropriate for consideration by the board of review as opposed to adjudication in the context of this administrative appeal. Her claim has sufficient substance that she should be given an opportunity to present it to either the board of review or appeals referee.
The court has the authority to remand cases of this type for further proceedings that are deemed necessary. General Statutes § 31-249b, Acro Technology v. Administrator, 25 Conn. App. 130,136 (1991). Given the remedial nature of the unemployment compensation act whose purpose is to "ameliorate the tragic consequences of unemployment", Bridgeport Metal Goods Mfg. Co. v.Administrator, 2 Conn. App. 1, 3 (1984), a remand to the board of review is required in this case. Upon remand, the board shall give Buscher an opportunity to prove her claim that the cigarette smoke in the casino caused her medical problems that, in turn, caused her to leave her job. See Berger v. Tonken,192 Conn. 581, 583 (1984) (board may hear additional evidence if ends of CT Page 1308 justice so require.) In the alternative, the board may remand the case to the appeals referee with direction that Buscher be given an opportunity to prove her claim.
Whether this evidence is credited and, if credited, whether it alters the determination regarding eligibility for benefits are decisions for the administrative officials. The court's decision to remand is based on the pro se status of the claimant and the fact that her admittedly belated claim was not squarely considered.
The case is remanded to the board of review for further proceedings consistent with this opinion.
So Ordered at Hartford, Connecticut this 12th day of January, 1998.
Robert J. Devlin, Jr., Judge